UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-00096-27-JRG-CRW |
| | ) | |
| JESSICA BROOKE LEONARD | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jessica Brooke Leonard's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and USSG Amendment 821 [Doc. 1390]. The United States filed a response in opposition [Doc. 1393]. For the reasons discussed below, Defendant's motion for sentence reduction will be **DENIED**.

**I.     BACKGROUND**

In October 2020, Defendant pled guilty to conspiracy to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). [Doc. 424, 489]. At sentencing, Defendant had six criminal history points and two "status points," resulting in a total criminal history score of eight and a criminal history category IV. [Doc. 650 ¶¶ 37–39; Doc. 736]. With a total offense level of 25, Plaintiff's guideline range was 84 to 105 months. [Doc. 650 ¶ 68]. In February 2021, the Court sentenced Plaintiff to 84 months' imprisonment. [Doc. 735].

On June 3, 2024, Defendant filed the instant motion for a sentence reduction pursuant to Part A of Guideline Amendment 821. [Doc. 1390]. She requests a reduced sentence of 70 months' imprisonment, which she contends is warranted in light of the circumstances of her offense and her history and characteristics. [*Id.* at 2]. The United States agrees that Defendant is eligible for a sentence reduction but maintains that no reduction is warranted given Plaintiff's poor post-sentencing conduct. [Doc. 1393 at 1].

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation omitted). One exception to this rule is found in 18 U.S.C. § 3582(c)(2), which permits courts to reduce the sentence of a prisoner who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if such a reduction is consistent with Sentencing Commission policy statements and the sentencing factors listed in 18 U.S.C. § 3553(a).

When deciding a § 3582(c)(2) motion, courts engage in a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the court determines whether a reduction is consistent with U.S.S.G. § 1B1.10 and calculates the "amended guideline range that would have applied to the defendant had the relevant amendment been in effect at the time of the initial sentencing." § 1B1.10(b)(1). If the defendant is eligible for a sentence reduction, the court then considers whether, and to what extent, a reduction is warranted under the circumstances of the case. *Dillon*, 560 U.S. at 827. To make this assessment, the court considers the factors set forth in § 3553(a), including any relevant policy statements. § 3582(c)(2). Having considered these factors, the court decides "whether, in its discretion, the reduction authorized . . . is warranted in whole or in part." *United States v. Domenech*, 675 F. App'x 519, 523 (6th Cir. 2017).

## III. DISCUSSION

### A. Eligibility

Part A of Guideline Amendment 821 limits the criminal history impact of "status points." Before Amendment 821 was enacted, two status points were added to a defendant's criminal history score if the defendant committed her federal offense while "under any criminal justice

2

sentence." USSG § 4A1.1(d) (Nov. 2018). Now, under Amendment 821 Part A, a defendant who has seven or more criminal history points is assessed only one status point if she committed the offense while under a criminal justice sentence. USSG § 4A1.1(e) (Nov. 2023). Defendants with six or fewer criminal history points no longer receive any status points.

Under Amendment 821, Defendant is not assessed any status points when calculating her criminal history points. Without any status points, Defendant has six criminal history points, instead of eight, and a criminal history category of III, rather than IV. With a criminal history category III and total offense level of 25, Plaintiff's guideline range is now 70 to 87 months, rather than 84 to 105 months. *See* U.S.S.G. § 5A. Because Defendant's sentencing range has been lowered by Amendment 821, she is eligible for a sentence reduction.

### B. § 3553(a) Factors

Although Defendant is eligible for a lesser sentence, her post-sentencing conduct weighs against a sentence reduction. *See* 18 U.S.C. § 3553(a)(5) (directing courts to consider pertinent policy statements); USSG § 1B1.10 cmt. n. 1.(B) (providing that courts may consider post-sentencing conduct when determining appropriate sentence reductions under § 3582(c)(2)). While incarcerated, Defendant has incurred disciplinary sanctions on ten separate occasions. [Doc. 1390-1]. Her infractions—which include multiple instances of being in an unauthorized area, failure to obey an order, and possession of an unauthorized item—are not particularly serious, but nevertheless demonstrate a pattern of noncompliance with prison rules.[1] [Doc. 1390-1]. Moreover, Defendant's rehabilitative efforts have been minimal. Her Bureau of Prisons records show that she has taken only two hours of educational or vocational programming. [Doc. 1393-2]. She also failed

---

[1] Defendant claims that staff at her former prison, FPC Alderson, unfairly targeted her for discipline and provides various explanations for the conduct underlying her infractions. [Doc. 1390 at 6–8]. In the Court's view, Defendant's explanations, which tend to minimize and justify her conduct, do not weigh in her favor.

3

or withdrew from the Residential Drug Abuse Program ("RDAP"), which the Court recommended at sentencing. [Doc. 1393-1]. Defendant asserts that she has used the majority of her free time to better herself, but she has not provided evidence to support that claim. [Doc. 1390 at 5].

Given Defendant's poor post-sentencing conduct, the Court does not find that a lesser sentence would "reflect the seriousness of the offense . . . promote respect for the law, and . . . provide just punishment for the offense." *See* § 3553(a)(2)(A).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for sentence reduction [Doc. 1390] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE